UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KENNY JOSE
and STEVEN JOSE,

          Plaintiffs,

   -against-

THE CITY OF NEW YORK,
N.Y.P.D. DETECTIVE ISAAC
SHANNON, SHIELD # 3188, AND
N.Y.P.D. POLICE OFFICER "JOHN DOE",
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

        Defendants.

-----------------------------------------------------------X

**VERIFIED COMPLAINT
AND DEMAND FOR
<u>A JURY TRIAL</u>**

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States for false arrest, excessive force, and deliberate indifference based upon the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are residents of New York, New York in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity

as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. Upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about November 6, 2015, at approximately 11:30 A.M., plaintiffs were in their apartment located at 250 Clarkson Avenue, Apt. #711, in Brooklyn, New York.

10. At that time, the defendant officers executed a search warrant apparently looking for a target named Samkens Jose, who is the brother of both plaintiffs, whom they suspected of engaging in illegal drug activity.

11. Upon information and belief, prior to entering said apartment, the defendant officers possessed a full description of Samkens Jose.

12. Upon entry into said apartment, the defendants did not find Samkens Jose, but instead observed both plaintiffs in the living room of the apartment.

13. Defendants falsely claim that they observed Steven Jose in a bedroom, but in fact he was in the living room at all times the defendant officers were in the apartment.

13. The defendants searched the apartment and claim to have found "twenty-nine twists of

crack/cocaine from on top of a cabinet inside of the above-mentioned bedroom…".

14. The Defendants inquired as to the whereabouts of Samkens Jose, but as he was not there they arrested both plaintiffs, charging them with drug possession and possession of drug paraphernalia, which neither plaintiffs had any connection to whatsoever.

15. Instead of letting plaintiffs go, the defendants arrested both of them.

16. Plaintiffs were falsely accused of possessing the drugs and paraphernalia in the apartment although there was no probable cause or even arguable probable cause to believe it was theirs.

17. On May 27, 2016, all charges were dismissed against both plaintiffs. Dkt.#2015KN 072725 (Steven Jose) and Dkt. # 2015KN072726 (Kenny Jose).

18. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19. Defendant City knew or should have known prior to this date of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by these specific officers.

20. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS

21. Plaintiff reiterates and realleges the facts in the preceding paragraphs as if stated fully herein.

22. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

24. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

25. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

26. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

27. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
August 28, 2017

RESPECTFULLY,

/s/

STEVEN A. HOFFNER, ESQ.
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
Tel:   (212) 941-8330

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
August 28, 2017

_____/s/_____
STEVEN A. HOFFNER, Esq.